UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CYNTHIA I. BARNELLO and
THOMAS E. BARNELLO,**

        **Plaintiffs,**

v.                               **Case No: 6:14-cv-1383-Orl-41TBS**

**BAYVIEW LOAN SERVICING, LLC,**

        **Defendant.**

                                      /

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Plaintiffs' Complaint. (Doc. 12). As set forth below, Defendant's Motion will be denied.

**I.**     **BACKGROUND**

In 2006, Plaintiffs purchased a home and executed a promissory note and mortgage. (Compl., Doc. 1, ¶ 10). Approximately two years later, Plaintiffs filed for protection under Chapter 7 of the Bankruptcy Code. (*Id.* ¶ 13). The debt relating to the promissory note and mortgage was included in the bankruptcy filings. (*Id.* ¶ 14). Plaintiffs originally intended to retain the property and reaffirm the debt, but they never entered into a reaffirmation agreement. (*Id.* ¶ 15). In April 2009, Plaintiffs were granted a discharge under 11 U.S.C. § 727. (*Id.*; Discharge of Joint Debtors, Ex. D to Compl., Doc. 1-1). For approximately two more years, Plaintiffs remained in their home and continued to make mortgage payments. (Compl. ¶ 18). Plaintiffs stopped making payments as of June 1, 2011, and shortly thereafter "secured the Property and moved to New York State after informing [the owner of the note and mortgage] that they were surrendering the Property." (*Id.* ¶¶ 18–19). Although foreclosure proceedings were commenced, (*id.* ¶ 21), those proceedings were

voluntarily dismissed by the foreclosure plaintiff, (*id.* ¶ 24). Plaintiffs did not appear in the foreclosure proceedings and did not oppose the foreclosure. (*Id.* ¶ 22).

After the foreclosure proceedings were voluntarily dismissed, Plaintiffs began receiving monthly mortgage statements and collection phone calls from Defendant. (*Id.* ¶¶ 27, 30). Both Plaintiffs and Plaintiffs' Counsel informed Defendant that Plaintiffs' personal liability for the note and mortgage had been discharged in bankruptcy. (*Id.* ¶¶ 30, 32, 34, 36). Nevertheless, Defendant's collection efforts continued. (*See id.* ¶¶ 32–40). As a result, Plaintiffs initiated this case, alleging that Defendant violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*

Counts One, Two, Five, Six, and Seven of Plaintiffs' Complaint rely on the fact that Defendant was attempting to collect a debt that was discharged in bankruptcy. Defendant argues that the debt was not discharged, and therefore, those Counts should be dismissed for failure to state a claim.

## II.   LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. ANALYSIS

Defendant asserts that Plaintiffs' personal liability for the note and mortgage were not extinguished by the bankruptcy discharge for two reasons. First, Defendant argues that the note and mortgage were not a pre-petition debt. Second, Defendant argues that even if it had been discharged, Plaintiffs' continued occupation of the residence and payment of the mortgage constituted reaffirmation of the debt.

As to the first argument, Defendant asserts that even though Plaintiffs incurred the debt prior to the bankruptcy case, Plaintiffs had not defaulted prior to the petition, and therefore, it did not constitute a debt that could be discharged. However, the cases cited by Defendant—*In re Lamb*, 171 B.R. 52 (N.D. Ohio 1994) and *Maple Forest Condominium Association v. Spencer (In re Spencer)*, 457 B.R. 601 (E.D. Mich. 2011)—address condominium association assessments, not mortgages, and are inapplicable to Plaintiffs' Complaint. *See also* 11 U.S.C. § 523(a)(16) (setting forth a limited exception to discharge for fees and assessments relating to membership associations "with respect to the debtor's interest in a unit that has condominium ownership, in a share of a cooperative corporation, or a lot in a homeowners association").

"[D]ischarge under [Chapter 7] discharges the debtor from all debts that arose before the date of the order for relief under this chapter." *Id.* § 727(b). "The term 'debt' means liability on a

claim." *Id.* § 101(12). The term "claim" must be given "the broadest available definition," *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991), and includes "right to payment," 11 U.S.C. § 101(5)(a). Right to payment "means nothing more nor less than an enforceable obligation." *Johnson*, 501 U.S. at 83 (quotation omitted). Clearly, a note and mortgage provide an enforceable right to payment; therefore, liability for a note and mortgage is liability on a claim—or in other words, constitutes a debt regardless of whether there has been a default. Accordingly, by alleging that the obligation under the note and mortgage arose prior to filing a petition for bankruptcy, Plaintiffs sufficiently allege that the debt was pre-petition.

As to the second argument, Defendant has cited no authority to support its proposition that by remaining on the property and continuing to pay the mortgage, without any other action or agreement, Plaintiffs reaffirmed the debt. Contrary to Defendant's argument, specific statutory requirements must be met to create a valid reaffirmation agreement, and the mere act of retaining possession of property while making payments, without more, does not satisfy those requirements. *See* 11 U.S.C. § 524(c) (setting forth reaffirmation agreement requirements, including that the agreement be "made before the granting of the discharge"; that "the debtor received [certain] disclosures"; that the "agreement has been filed with the court"; and that "the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court"). Accepting Plaintiffs' allegations as true, Plaintiffs did not enter into a reaffirmation agreement, and their personal liability for the note and mortgage was discharged. Accordingly, Defendant has failed to provide a basis on which Plaintiffs' claims should be dismissed. Therefore, the Motion must be denied.

## IV.  CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. 12) is **DENIED**. Defendant's Motion for Leave to File Reply Brief (Doc. 14) is **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida on May 28, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record