UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CYNTHIA I. BARNELLO and THOMAS E. BARNELLO,

    Plaintiffs,

v.                            Case No:   6:14-cv-1383-Orl-41TBS

BAYVIEW LOAN SERVICING, LLC,

    Defendant.

## ORDER

The matter comes before the Court on Plaintiffs', Cynthia I. Barnello and Thomas E. Barnello, Motion to Compel Defendant's Production of Documents and Responses to Interrogatories (Doc. 29). Defendant, Bayview Loan Servicing, LLC, has filed a memorandum in opposition to the motion (Doc. 30).

## BACKGROUND

Plaintiffs allege that in 2006 they borrowed $152,000 from Millennia Funding Corporation, secured by a mortgage, to refinance their residence in Volusia County, Florida (Doc. 1, ¶ 10). Millennia employed Countrywide Home Loans to service the debt (Id., ¶ 11). Bank of America acquired Countrywide in 2008, and servicing of the debt was transferred to Bank of America or BAC Home Loans Serv, LP (Id., ¶ 12).

Plaintiffs filed for relief under Chapter 7 of the Bankruptcy Code on December 23, 2008 (Id., ¶ 13). They scheduled the mortgage debt and advised the bankruptcy court that they intended to reaffirm the obligation and keep their home (Id., ¶ 15). But, Plaintiffs never entered into a reaffirmation agreement and they contend that the debt was discharged on April 17, 2009 (Id., ¶ 15). The bankruptcy court sent a copy of Plaintiffs'

discharge to Countrywide on April 19, 2009 (Id., ¶ 16).   Despite the discharge, Plaintiffs remained in their home and continued to make mortgage payments until June 1, 2011 (Id., ¶ 11).

In October 2011, Plaintiffs moved to New York, and informed Bank of America that they were surrendering the property (Id., ¶ 19).   That same month, Millennia sold or assigned the debt to The Bank of New York Mellon as trustee for certain certificate holders (the "Trustee") (Id., ¶ 20).

The Trustee filed suit to foreclose the mortgage in March 2012 (Id., ¶ 21). Plaintiffs did not appear in the action and in October 2012 the Trustee filed motions for default judgment and summary judgment (Id., ¶ 22).   On December 31, 2012, the Trustee requested dismissal of the case on the ground that "the delinquency of the note and mortgage sued upon … was resolved …."   (Id., ¶¶ 24-25).   The motion was granted and the case was dismissed without prejudice (Id.).   Plaintiffs did not resolve any debt with the Trustee and suspect the real reason the foreclosure action was dismissed was because the debt, or servicing of the debt, had been sold or assigned to Defendant, Bayview Loan Servicing, LLC (Id., ¶ 28).   Plaintiffs also believe Bayview was aware of their bankruptcy discharge when it became the owner or servicer of the debt (Id., ¶ 26).

After the foreclosure was dismissed, Plaintiffs began receiving monthly mortgage statements from Bayview (Id., ¶ 27).   Each statement included a notice that Plaintiffs were delinquent and threatened foreclosure if they did not bring the debt current (Id.). The statements warned that Bayview might report the account to credit bureaus and that it may be reflected in Plaintiffs' credit reports (Id., ¶ 28).   Plaintiffs also began receiving collection calls from Bayview (Id., ¶ 30).   They repeatedly told Bayview to stop calling,

said they no longer lived on the property, and that the debt had been discharged in bankruptcy, but the calls continued (Id.).

In March, 2013, Plaintiffs received a letter captioned "Request for Initial Packet for the Home Affordable Modification Program." (Id., ¶ 31). At this point, they hired a lawyer who sent Bayview a letter detailing Plaintiffs' bankruptcy filing and discharge, and demanding that Bayview cease and desist any further contacts or communications with Plaintiffs (Id., ¶ 32). Bayview ignored the letter (Id.).

In September, 2013, Plaintiffs received an "Annual Escrow Statement" informing them that the amount of their monthly mortgage payment was being increased (Id., ¶ 33). Plaintiffs' lawyer's office phoned Bayview and left a message requesting a return call to discuss the situation, but Bayview never called back (Id., ¶ 34). Bayview's efforts to collect the debt continued as did the warnings that Plaintiffs' credit standing could suffer as a result of the status of the account (Id., ¶ 35).

Plaintiffs' lawyer sent another letter to Bayview in March 2014, once again providing details of the bankruptcy and demanding that Bayview cease and desist (Id., ¶ 38). The letter was of no effect, and on July 28, 2014, Bayview sent Plaintiffs a <u>NOTICE OF DEFAULT AND INTENT TO ACCELERATE</u>, which included a demand for payment of $64,846.23 unless the default was cured by August 27, 2014 (Id., ¶ 39).

Fed up, Plaintiffs filed this lawsuit. Their nine count complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act, FLA. STAT. § 559.55 *et seq.* (Doc. 1). Bayview's answer and affirmative defenses alleges *inter alia*, that its actions "if they occurred, were not intentional and resulted from a bona fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such errors." (Doc. 27 at 11).

Bayview also alleges that "[t]he actual damages for which Plaintiffs seek to hold [Bayview] liable, to the extent any have been alleged, resulted in whole or in part from the negligent, deliberate, intentional, reckless or unlawful acts or omissions of unidentified third parties and/or Plaintiffs …."  (Id. at 12).

## DISCUSSION

"[P]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense," unless a court order provides otherwise.  FED. R. CIV. P. 26(b)(1).  This broad authorization reflects the intent of the discovery rules that trials in federal courts should be a search for the truth and should not be "carried on in the dark."  Hickman v. Taylor, 329 U.S. 495, 501 (1947).  Still, there are limits to what a party may discover.  A court "must limit the frequency or extent of discovery" upon determining that what is sought is unreasonably cumulative or duplicative or more reasonably obtainable from another source; that the requesting party has had ample opportunity to obtain information; or that the burden of the proposed discovery outweighs the likely benefits, "considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  FED. R. CIV. P. 26(b)(2)(C).

Requests for Production:

Parties may serve requests "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" documents, electronically stored information, or other "tangible things" that are "in the responding party's possession, custody, or control."  FED. R. CIV. P. 34(a)(1).  Requests "(A) must describe with reasonable particularity each item or category of items to be inspected; (B) must specify a reasonable time, place, and manner for the inspection ...; and (C) may specify the form or

- 4 -

forms in which the electronically stored information is to be produced." FED. R. CIV. P. 34(b)(1).

The recipient of a request for production has 30 days to respond. FED. R. CIV. P. 34(b)(2)(A). For each request, the responding party "must either state that inspection ... will be permitted as requested or state an objection to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). Documents must be produced as they are kept in the ordinary course of business or must be "organize[d] and label[ed] to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i). When a party "fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34," the requesting party can move for an order compelling production. FED. R. CIV. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response" to a discovery request is "treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

Bayview interposed 10 "general objections," some of which are not true objections, to every one of Plaintiffs' requests for production (Doc. 29-3 at 1-3). A party who objects to a request must state its objections and include the reasons for the objections. FED. R. CIV. P. 34(b)(2)(B). Defendant's general objections are of the boilerplate, one size fits all variety which has been rejected by this and other courts. Mauro v. Alldredge, No. 6:12-cv-1333-Orl-22TBS, 2013 WL 3866531, at *3 (M.D. Fla. July 25, 2013) (collecting cases); see also Milinazzo v. State Farm Ins. Co., No. 07-21892-CIV, 247 F.R.D. 691, 695 (S.D. Fla. 2007) (objections which state that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, without a party explaining the specific and particular ways in which a request is vague, overly broad, or unduly

- 5 -

burdensome).   The Court ignores these general objections and makes its rulings based on the specific objections interposed to each of the requests for production.

Bayview argues that Plaintiffs' requests for production are objectionable because with one exception, they do not include a time frame (Doc. 30 at 6).   Bayview has only been involved with the loan for a little more than 2 years which allays most concerns the Court might otherwise have about the temporal scope of the requests (Doc. 29-2 at 2).  To address any remaining concerns, the Court will limit the timeframe of the requests to the period from October 1, 2012 to the present.   Plaintiffs seek to compel better responses to the following requests for production:

> **Request No. 7**: All agreements between the Defendant and any intermediary, servicer, or forwarder concerning collection of debts such as Plaintiffs' alleged debt.
>
> **Response**: Bayview objects to this request on the grounds that it is overly broad, not sufficiently limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to Plaintiffs' debt, and thus seeks information that has no bearing on the instant lawsuit.   Regarding Plaintiffs' account, this request seeks confidential proprietary information regarding Bayview's business practices.   Nevertheless, Bayview will, subject to a confidentiality agreement or order, produce the sub-servicing agreement between Bayview and BANA regarding Plaintiffs' account.

**Ruling:** To the extent this request seeks the production of agreements that do not concern the debt allegedly owed by Plaintiffs, the objection is **SUSTAINED**.   The request for agreements unrelated to the subject debt is unreasonable and unduly burdensome considering the needs of the case.   In all other respects, the objections to request no. 7 are **OVERRULED**.   Within 14 days from the date of this Order, Bayview shall produce all agreements between it and any intermediary, servicer, or forwarder concerning collection of the subject debt.

> **Request No. 8**: All contracts and retainer agreements with any previous creditor or debt buyer and any intermediary, servicer, or forwarder in effect as of the date Defendant received Plaintiffs' account for collection and dates thereafter.
>
> **Response**: Bayview objects to this request on the grounds that it is overly broad, not sufficiently limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not limited to Plaintiffs' debt, and thus seeks information that has no bearing on the instant lawsuit.   Responding further, such documents contain confidential proprietary information regarding Bayview's business practices and that of Third Parties.   However, regarding Plaintiffs' account, Bayview will, subject to a confidentiality agreement or order, produce the sub-servicing agreement between Bayview and BANA regarding Plaintiffs' account.

**Ruling**: To the extent this request seeks the production of agreements that do not concern the debt allegedly owed by Plaintiffs, the objection is **SUSTAINED**.   The request for contracts and retainer agreements unrelated to the subject debt is unreasonable and unduly burdensome considering the needs of the case.   In all other respects, the objections to request no. 8 are **OVERRULED**.   Within 14 days from the date of this Order, Bayview shall produce all contracts and retainer agreements between it and any intermediary, servicer, or forwarder concerning collection of the subject debt.

Because the objections raised in response to requests numbered 10-13 suffer from the same deficiencies, those requests and objections are addressed together.

> **Request No. 10**: All manuals, procedures, training materials, and protocols used during 2013 through present by Defendant to comply with the Fair Debt Collection Practices Act ("FDCPA").
>
> **Response**: Bayview objects to this request on the grounds that it seeks confidential proprietary and trade secret information regarding its business practices.   Nevertheless, Bayview, subject to a confidentiality agreement, will produce non-privileged responsive documents in its possession custody or control.

**Request No. 11**: All documents concerning your procedures reasonably adapted to make sure that your form letters comply with the FDCPA.

**Response**: Bayview objects to this request on the grounds that it is overly broad, not sufficiently limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence as it is not limited to Plaintiffs' accounts. Bayview further objects to this request on the grounds that it seeks confidential proprietary and trade secret information regarding its business practices.   Nevertheless, Bayview, subject to a confidentiality agreement, will produce non-privileged responsive documents in its possession custody or control.

**Request No. 12**: All documents concerning your procedures reasonably adapted to make sure debtor is not contacted once Defendant receives notice of representation or a cease collection request.

**Response**: Bayview objects to this request on the grounds that it seeks confidential proprietary and trade secret information regarding its business practices.   Nevertheless, Bayview, subject to a confidentiality agreement, will produce non-privileged responsive documents in its possession custody or control.

**Request No. 13**: All documents concerning your procedures reasonably adapted to make sure a debtor is not contacted once Defendant receives notice that a debtor has filed a petition for bankruptcy protection and/or received bankruptcy discharge.

**Response**: Bayview objects to this request on the grounds that it seeks confidential proprietary and trade secret information regarding its business practices.   Nevertheless, Bayview, subject to a confidentiality agreement, will produce non-privileged responsive documents in its possession custody or control.

**Ruling**: The objections to requests no. 10, 11, 12, and 13 are **OVERRULED**.   The information requested is relevant to Bayview's bona fide error defense and F<small>ED</small>. R. C<small>IV</small>. P. 26(c) does not provide an absolute privilege against the disclosure of trade secrets or other confidential information.   But under Rule 26(c)(1), the Court can require the

protection of confidential information that is produced in discovery. Bayview alleges in conclusory fashion that the requested information is confidential, proprietary, and a trade secret. It has made no attempt to demonstrate that the information truly is confidential, what steps it takes to preserve the confidentiality of the information, or how disclosure of the information might be harmful. Bayview also has not sought a protective order. Federal Rule of Civil Procedure 26(c) provides that a protective order shall issue only upon a showing of "good cause." The burden is on the movant to show the necessity for its issuance. This requirement "contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973), cert. denied, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974) (quoting Wright & Miller, Federal Practice and Procedure: Civil § 29.68 at 26-491). Accordingly, Bayview shall produce the documents requested in nos. 10, 11, 12, and 13 to Plaintiffs within 14 days from the date of this Order.

> **Request No. 14**: All documents which refer or relate to Plaintiffs, or which are filed, indexed, stored or retrievable under Plaintiffs' names, or under any identifying number, symbol, code, or designation assigned to them, including tape recordings of conversations with or about them.
>
> **Response**: Bayview objects to this request on the grounds that the request is vague and ambiguous and does not describe the items sought to be produced with reasonable particularity. Responding further, this Request is overbroad in seeking all documents "that relate to Plaintiffs." Bayview will produce non-privileged documents stored under Plaintiff's names and social security numbers at a mutually agreeable time and place.

**Ruling**: The objection is **OVERRULED**.   The request is not ambiguous and Bayview has not explained why it is overbroad.   Within 14 days from the date of this Order, Bayview shall produce all the requested documents.

> **Request No. 15**: All documents and agreements between Defendant and Bank of New York Mellon relative to the foreclosure and voluntary dismissal of the state court foreclosure action against Plaintiffs' former residence at 1669 Periwinkle Drive, Deland, Florida and collection of Plaintiffs' alleged debt.
>
> **Response**: Bayview objects to this request on the grounds that it seeks documents protected pursuant to the Attorney Client Privilege.

**Ruling**: The attorney-client privilege protects from compelled disclosure, confidential communications between a client and the client's attorney, made for the purpose of obtaining or giving legal advice.   <u>Maplewood Partners, L.P. v. Indian Harbor Ins. Co.</u>, No. 08-23343-CIV, 295 F.R.D. 550, 582-83 (S.D. Fla. July 16, 2013).   In its memorandum in response to the motion to compel, Bayview states that "any instructions that Bayview or its attorneys may have received in connection with the foreclosure are plainly protected by the attorney-client privilege."   (Doc. 30 at 8).   Bayview has not explained why instructions given to it or its lawyers by third parties come within the scope of the attorney-client privilege.   It also has not moved for a protective order, or provided a privilege log.   In the interests of preserving the privilege if appropriate, Bayview has 14 days from the date of this Order to explain its assertion of attorney-client privilege and produce a privilege log.   After 14 days, the Court will make its final ruling on Bayview's claim of privilege.   In its memorandum, Bayview makes new, additional objections all of which are **OVERRULED** because they are untimely.

<u>Interrogatories</u>:

Plaintiffs also seek to compel answers to interrogatories.  A party can propound interrogatories relating to any matter within the scope of discovery to any other party.  FED. R. CIV. P. 33(a).  The responding party must answer or object to each interrogatory within 30 days after being served with the interrogatories.  FED. R. CIV. P. 33(b)(2).  "The grounds for objecting to an interrogatory must be stated with specificity."  FED. R. CIV. P. 33(b)(4).  An objection not timely stated is waived "unless the court, for good cause, excuses the failure."  <u>Id.</u>

> **Interrogatory No. 2**: Describe in detail any evidence in Defendant's possession or control which explains when the collection account which is the subject of this lawsuit was referred or transferred to Defendant for collection including the parties to and the terms and conditions of any agreement(s) or contract(s) related to the sale, assignment or other transfer of the account and/or the right to service and collect any sums allegedly due with respect to such account.
>
> **Answer**: Bayview objects to this request to the extent that it seeks evidence.  At this point, Bayview has not determined what documents or factual information it will seek to introduce as evidence at trial.  Nevertheless, Bayview began servicing the Plaintiffs loan on October 16, 2012, as reflected on the correspondence sent to plaintiffs on October 26, 2012 and produced in response to Plaintiff's Request for Production at bates BVW000136.

**Ruling**: The objection is **OVERRULED**.  This interrogatory does not ask Bayview to identify information it will seek to introduce as evidence at trial, or when Bayview began servicing the loan.  As used in the interrogatory, the Court understands "evidence" to mean anything that "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  FED. RULES EVID. Rule 401.  In its memorandum in opposition to the motion to compel, Bayview belatedly states its intent to take advantage of its option under FED. R. CIV. P.

33(d) to produce business records (Doc. 30, at 9).   Rule 33(d) requires the answering party to specify the records that must be reviewed to obtain the answer, and give the opponent a reasonable opportunity to examine, audit, compile, and copy the records.   Bayview has not demonstrated compliance with these requirements.   Bayview shall answer interrogatory 2 in full within 14 days from the date of this Order.   In doing so, it may utilize the procedure in Rule 33(d).

> **Interrogatory No. 3**: Identify and describe in detail the terms and conditions of all present and past contracts or agreements between Defendant and Countrywide Home Lending and/or Bank of America with respect to the mortgage account that is the subject of this litigation and give the date of the initial contract(s) or agreement(s).
>
> **Answer**: Bayview Loan Servicing, LLC is the Subservicer of the mortgage account that is the subject of this litigation pursuant to the Flow Subservicing Agreement with Bank of America, N.A. dated August 1, 2012.   Pursuant to that agreement, Bayview acts as the Subservicer of the mortgage that is the subject of this litigation and Bank of America, N.A. serves as the Servicer.   Accordingly, Bayview performs all of the general duties regarding the day to day handling of the mortgage that is the subject of this lawsuit.   The specific terms and conditions of the agreement constitute trade secret materials essential to Bayview's method of conducting business, and Bayview objects to production of such terms.

**Ruling**: The objection is **OVERRULED**.   The information requested is relevant to the issues to be litigated and FED. R. CIV. P. 26(c) does not provide an absolute privilege against the disclosure of trade secrets or other confidential information.   Under Rule 26(c)(1), the Court can require the protection of confidential information that is produced in discovery.   But, Bayview merely alleges in conclusory fashion that the requested information is confidential, proprietary, and a trade secret.   It has made no attempt to demonstrate that the information truly is confidential, what steps it takes to preserve the confidentiality of the information, or how disclosure of the information might be harmful.

Bayview also has not sought a protective order. Federal Rule of Civil Procedure 26(c) provides that a protective order shall issue only upon a showing of "good cause." The burden is on the movant to show the necessity for its issuance. This requirement "contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973), cert. denied, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974) (quoting Wright & Miller, Federal Practice and Procedure: Civil § 29.68 at 26-491). Bayview's response is also insufficient because it does not include the terms and conditions of the applicable contracts and agreements. Accordingly, the motion to compel is **GRANTED**. Bayview shall answer interrogatory 3 in full within 14 days from the date of this Order. In doing so, it may utilize the procedure in Rule 33(d).

> **Interrogatory No. 4**: Identify and describe in detail the terms and conditions of all present and past contracts or agreements between Defendant and The Bank of New York Mellon f/k/a The Bank of New York with respect to the mortgage account that is the subject of this litigation and give the date of the initial contract(s) or agreement(s).
>
> **Answer**: Please see Power of Attorney attached hereto.

**Ruling**: Bayview's response leaves open the possibility that the power of attorney is not the only information responsive to this interrogatory. Accordingly, the motion to compel is **GRANTED**. Bayview shall answer interrogatory 4 in full within 14 days from the date of this Order. In doing so it may utilize the procedure in Rule 33(d).

> **Interrogatory No. 5**: Describe all documents related to Plaintiffs' account Defendant received from any source in connection with the transfer of such account including documents disclosing the Plaintiffs' bankruptcy, and, if documents were received from persons other than the account transferor, indicate from whom and how and when such documents were received.

> **Answer**: Plaintiff [sic] objects to this interrogatory as it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Responding further and without waiving said objections, Bayview received the prior servicer comment logs, which have been produced pursuant to Bayview's response to Plaintiffs' Request for Production at bates BVW 000072-000131.

**Ruling**: The objections are **OVERRULED**.  Bayview has failed to explain why this interrogatory is overbroad or unduly burdensome, and the Court finds that information concerning the loan and Plaintiffs' bankruptcy is reasonably calculated to lead to the discovery of admissible evidence.  In addition, Bayview's response leaves open the possibility that it received more information than the prior servicer comment logs.  Accordingly, the motion to compel is **GRANTED**.  Bayview shall answer interrogatory 5 in full within 14 days from the date of this Order.  In doing so, it may utilize the procedure in Rule 33(d).

> **Interrogatory No. 6**: State the names, aliases, job title, business and home addresses and telephone numbers, and date of initial employment or engagement of each director, partner, shareholder, employee, officer, and manager of Defendant known to have contacted Plaintiffs, or another person(s), regarding the mortgage debt that is the subject of this litigation, and if any such person left your employ, or ceased to be associated with Defendant, within the last two years, state the date of and reason for termination of such employment or association.
>
> **Answer**: Bayview objects to this request on the grounds that is over broad and unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible information.  Responding further, Bayview did not discuss collection of Plaintiffs account with persons other than Plaintiffs or their authorized representatives.

**Ruling**: The objections are **OVERRULED**.  Anyone who contacted Plaintiffs or third parties on behalf of Bayview concerning the subject loan is a potential witness in the case.  Additionally, Bayview has failed to explain how or why this interrogatory is over

- 14 -

broad, unduly burdensome, or seeks information not reasonably calculated to lead to the discovery of admissible evidence. In its memorandum, Bayview concedes that the information may lead to the discovery of admissible evidence (Doc. 30 at 10). Bayview argues that it has produced records that identify the employees who contacted Plaintiffs in connection with the loan but, assuming that is true, there is no indication that the records completely answered the interrogatory. Accordingly, the motion to compel is **GRANTED**. Bayview shall answer interrogatory 6 in full within 14 days from the date of this Order. In doing so it may utilize the procedure in Rule 33(d).

> **Interrogatory No. 8**: State the names, aliases, job title, business and home addresses and telephone numbers, and date of initial employment of all current employees who engage in the collection of consumer accounts for Defendant.
>
> **Answer**: Bayview objects to this request on the grounds that it is over broad and unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

**Ruling**: The objection that this interrogatory is overbroad is **SUSTAINED** and the motion to compel is **DENIED**. Plaintiffs' contention that information possessed by Bayview employees not involved with the subject loan "would provide key information about the 'reasonableness' of the practices and procedures in place at Bayview, if any, designed to assure that violation of the Acts do not occur" is unpersuasive and speculative.

> **Interrogatory No. 9**: State the name, title, address and job description of each director, partner, shareholder, employee, officer, and manager of Defendant who authorized, approved, or was aware of the collection letters and or other written correspondence sent to Plaintiffs and other consumers substantially in the form represented by Exhibits H, I, J, L, M and O of the Complaint.

> **Answer**: Plaintiff objects to this interrogatory as it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Ruling**: To the extent this interrogatory seeks information about persons with actual knowledge of the collection letters addressed to Plaintiffs, Bayview's objections are **OVERRULED**. In all other respects, Bayview's objection that this interrogatory is overbroad is **SUSTAINED**. Bayview shall answer that part of interrogatory number 9 seeking information concerning persons with actual knowledge about the collection letters sent to Plaintiffs within 14 days from the date of this Order.

> **Interrogatory No. 10**: List and explain all abbreviations and codes, letters, numerals, or symbols regularly used by Defendant in its records and collection activities and identify the person(s) who created the form letters and documents and/or who mailed them.
>
> **Answer**: Bayview objects to this request on the grounds that is over broad and unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible information. Additionally, as this interrogatory does not identify any specific abbreviations and codes, letters, numerals, or symbols and is therefore vague and ambiguous as to the information it is seeking.

**Ruling**: The objections that this interrogatory is overbroad and nonspecific are **SUSTAINED** and the motion to compel is **DENIED**.

> **Interrogatory No. 11**: Does Defendant provide training to new employees involved in the collection of consumer accounts? If so,
>
>  a. Describe the training content, timing and duration;
>
>  b. Describe all documents and audio or visual materials used in such training; and
>
>  c. Identify each person involved in providing such training.

>Answer: Bayview objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible information.

Ruling: The objection is **OVERRULED**.   The information requested is relevant to Bayview's bona fide error defense.   Bayview shall answer interrogatory number 11 within 14 days from the date of this Order.

>Interrogatory No. 12: Is the Defendant affiliated with any other organization (e.g. common ownership, overlapping offices or managers or common facilities or employees)?   If so, describe the affiliation and identify the participants and the nature of each party's business activities.
>
>Answer: Bayview objects to this interrogatory as it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.

Ruling: The objection that this interrogatory is overbroad is **SUSTAINED** and the motion to compel is **DENIED**.   Plaintiffs' argument that questions concerning who owns the debt, on whose behalf collection efforts were made, and whether Bayview is a "debt collector" make this interrogatory relevant and material are not persuasive.   Bayview has identified the owner, servicer, and itself as subservicer of the loan.   That is sufficient based upon the averments in the complaint, answer, and affirmative defenses.

>Interrogatory No. 13: Describe any business other than collection of consumer accounts in which the Defendant now engages or in the past has engaged.
>
>Answer:   Bayview objects to this interrogatory as it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.

Ruling: The objection that this interrogatory is overbroad is **SUSTAINED** and the motion to compel is **DENIED**.   Plaintiffs' argument that questions concerning who owns the debt, on whose behalf collection efforts were made, and whether Bayview is a "debt collector" make this interrogatory relevant and material are not persuasive.

- 17 -

**Interrogatory No. 14**: Describe fully any system(s) Defendant maintains or operates to record contacts of its employees with consumer or third parties in connection with the collection of consumer accounts, and Defendant's policies for operation of such a system.

**Answer**:   Bayview objects to this interrogatory as it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Ruling**: The objection is **OVERRULED**.   The information requested is relevant to Plaintiffs' claims and Bayview's bona fide error defense.   Bayview shall answer interrogatory number 14 within 14 days from the date of this Order.

**Interrogatory No. 15**: With respect to each individual who telephoned Plaintiffs and/or their counsel concerning the alleged debt that is the subject of this litigation beginning in the Spring of 2013 and continuing through November 2015, state:

a. How the individual learned the location and phone number of Plaintiffs;

b. The purpose of such person's telephone calls to Plaintiffs;

c. The contents of the telephone conversations between that individual and Plaintiff; and

d. Identify all records pertaining to those conversations and their content.

**Answer**:

a. The contact number is maintained on Bayview's MSP system, Bayview employees that contacted Plaintiff's would have reviewed the MSP system to obtain the contact information.

b. The documents produced pursuant to Bayview's response to Plaintiffs' Request for Production at bates BVW000056-000071.

c. See the documents produced pursuant to Bayview's response to Plaintiffs' Request for Production at bates BVW000056-000071.

>d. Bayview maintains a comment log, which was produced pursuant to Bayview's response to Plaintiffs' Request for Production at bates BVW000056-000071.

**Ruling**: The motion to compel is **GRANTED**. Bayview has not fully answered this interrogatory because it has not stated the purpose or content of the telephone calls, and it has left open the possibility that the comment log is not the sole record of the calls. Bayview shall answer interrogatory number 15 within 14 days from the date of this Order.

>**Interrogatory No. 16**: Describe how the increasing amounts allegedly owed by Plaintiffs and shown on the mortgage statements mails to them for unpaid principal, interest, escrow, late fees and other charges were calculated and identify the person(s) who created and mailed such documents to Plaintiffs.
>
>**Answer**: Once a new loan is transferred to Bayview it undergoes the boarding process. Once the boarding process is complete, the loan boards with Bayview and the documents relating to the loan are also boarded onto Bayview's MSP system and incorporated into Bayview's records of the loan. The MSP system calculates amounts owed and determines the amounts shown on the mortgage statements.

**Ruling**: The motion to compel is **GRANTED**. The language used in the answer is not readily understood by someone not in the business of servicing residential mortgage loans. Plaintiff has 14 days from the date of this Order to furnish a full, comprehensible answer to interrogatory number 16.

>**Interrogatory No. 17**: Describe the maintenance of all procedures utilized by the Defendant to avoid violation of the Fair Debt Collection Practices Act.
>
>**Answer**:   Bayview objects to this interrogatory as it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence

**Ruling**: The objections are **OVERRULED**. The information sought is relevant to Bayview's bona fide error defense. Bayview shall answer interrogatory number 17 within 14 days from the date of this Order.

>**Interrogatory No. 18**: Identify by caption, court, civil action number and result all litigation filed against Defendant alleging violations of the Fair Debt Collection Practices Act.
>
>**Answer**: Bayview objects to this interrogatory as it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Ruling**: The objections to this interrogatory on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence are **SUSTAINED** and the motion to compel is **DENIED**.   The Court rejects Plaintiffs' argument that this information is relevant to the issue of willfulness.   Because a claim was made does not mean that it was well founded or that it has any relation to the claims in this case.

**DONE** and **ORDERED** in Orlando, Florida on September 2, 2015.

*/s/ Thomas B. Smith*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record