UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CYNTHIA I. BARNELLO, *et al.*,

    Plaintiffs,

v.                                                          Case No:   6:14-cv-1383-Orl-41TBS

BAYVIEW LOAN SERVICING, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

      This matter comes before the Court *sua sponte*. In 2006, Plaintiffs purchased a home and as part of that transaction, executed a promissory note and mortgage (Doc. 1, ¶ 10). On December 23, 2008, Plaintiffs filed for relief under Chapter 7 of the Bankruptcy Code, Middle District of Florida Bankruptcy Court Case No. 6:08-bk-12286-ABB (Id. at ¶ 13, Doc. 1-1). The debt relating to the promissory note and mortgage was included in Plaintiffs' bankruptcy schedules (Id. at ¶ 14; Id.). When they filed bankruptcy, Plaintiffs intended to reaffirm the mortgage debt and keep their home, but they never entered into a reaffirmation agreement with the lender (Id. at ¶ 15). In April 2009, Plaintiffs received a discharge under 11 U.S.C. § 727 of the Bankruptcy Code (Id. at ¶ 15, Exhibit D). Despite the discharge, Plaintiffs remained in their home and continued to make mortgage payments until June 1, 2011 (Id. at ¶¶ 18-19). In October 2011, Plaintiffs informed the lender that they were moving, and surrendering the mortgaged property (Id. at ¶ 19). The lender proceeded to commence, and later voluntarily dismiss a foreclosure action in state court (Id. at ¶¶ 21, 24). Early in 2013, shortly after the foreclosure action was dismissed, Plaintiffs began receiving monthly mortgage statements, delinquency notices,

and collection phone calls from Defendant (Id. at ¶¶ 27, 30).   Plaintiffs and their counsel informed Defendant that the debt had been discharged in bankruptcy, but the collection efforts continued (Id. at ¶¶ 30-40).   Plaintiffs filed this action on August 26, 2014, alleging that Defendant's collection efforts after the bankruptcy discharge violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55. *et seq.*

In my view, this dispute belongs in bankruptcy court, and I am respectfully recommending that the case be transferred to the bankruptcy court.   "Section 524 of the bankruptcy code provides the debtor with a post-discharge injunction against collection of debts discharged in bankruptcy, and thus embodies the 'fresh start' concept of the bankruptcy code."   In re Hardy v. United States, 97 F.3d 1384, 1388-89 (11th Cir. 1996).   Section 524 provides, in relevant part:

> (a) A discharge in a case under this title–
>
> . . .
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. § 524(a)(2).

Plaintiffs' core claim is that Defendant violated the discharge injunction.   The bankruptcy court is eminently qualified and capable to make this decision and if appropriate, decide the remedy.   Transferring the case to the bankruptcy court also promotes judicial economy.   A resolution in the bankruptcy court should be speedier and more economical than litigating Plaintiffs' causes of action in this Court.   The bankruptcy court can likely decide the issue without any of the discovery, or discovery disputes that

have occurred to date, and it can certainly resolve the case without the three day jury trial currently scheduled in this Court.   What Plaintiffs should have done originally was motion the bankruptcy court to reopen their case so that they could bring a motion or adversary proceeding to determine whether Defendant violated the discharge injunction.   Although Plaintiffs chose instead to file this case, it is not too late to take advantage of the expertise and economies the bankruptcy court offers.   Accordingly, I **RESPECTFULLY RECOMMEND** that this case be transferred to the United States Bankruptcy Court for the Middle District of Florida for all further proceedings.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of the issuance of the report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on September 18, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record