UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CYNTHIA I. BARNELLO and THOMAS E. BARNELLO,

    Plaintiffs,

v.                                    Case No:   6:14-cv-1383-Orl-41TBS

BAYVIEW LOAN SERVICING, LLC,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Motion to Compel Rule 35 Examination and Discovery Regarding Medical Records and History (Doc. 41).   Plaintiffs filed a response in opposition to the motion (Doc. 44).   For the reasons that follow, Defendant's motion is due to be **GRANTED**.

### I. Background

In 2006, Plaintiffs purchased a home and executed a promissory note and mortgage as part of that transaction (Doc. 1, ¶ 10).   On December 23, 2008, Plaintiffs filed for relief under Chapter 7 of the Bankruptcy Code, Middle District of Florida Bankruptcy Court Case No. 6:08-bk-12286-ABB (Id. at ¶ 13, Doc. 1-1).   The debt relating to the promissory note and mortgage was included in Plaintiffs' bankruptcy schedules (Doc. 1 ¶ 14, Doc. 1-1).   When they filed bankruptcy, Plaintiffs intended to reaffirm the mortgage debt and keep their home, but they never entered into a reaffirmation agreement with the lender (Doc. 1 ¶ 15).   In April 2009, Plaintiffs received a discharge under 11 U.S.C. § 727 of the Bankruptcy Code (Id. at ¶ 15, Exhibit D).   Despite the discharge, Plaintiffs remained in their home and continued to make mortgage payments

until June 1, 2011 (Id. at ¶¶ 18-19).  In October 2011, Plaintiffs informed the lender that they were moving and surrendering the mortgaged property (Id. at ¶ 19).  The lender commenced a foreclosure action in state court, which was later voluntarily dismissed (Id. at ¶¶ 21, 24).  Early in 2013, shortly after the foreclosure action was dismissed, Plaintiffs began receiving monthly mortgage statements, delinquency notices, and collection phone calls from Defendant (Id. at ¶¶ 27, 30).  Plaintiffs and their counsel informed Defendant that the debt had been discharged in bankruptcy, but the collection efforts continued (Id. at ¶¶ 30-40).  Plaintiffs filed this action on August 26, 2014, alleging that Defendant's collection efforts after the bankruptcy discharge violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq*.  Plaintiffs allege that they "have suffered severe stress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep."  (Doc. 1, ¶ 43).  Plaintiffs seek a declaratory judgment and "$1,000 statutory damages for each offense, actual damages, costs, attorney fees, and for such other equitable relief as this Court deems just and appropriate."  (Id. at p. 20).

Defendant now seeks an order compelling Plaintiffs "to attend a psychological examination regarding their alleged emotional distress damage claim and to provide discovery regarding their medical records and history."  (Doc. 41, p. 1).  Defendant argues that Plaintiffs have put their mental condition at issue and that good cause exists to conduct an independent psychological examination because Plaintiffs contend that they have suffered physical and emotional damage as a result of the alleged FCCPA and FDCPA violations and because they seek in excess of $133,012 in emotional distress damages (Id. at pp. 4-6).  Defendant further argues that there is good cause for a mental

- 2 -

examination because Plaintiffs are intending to rely on their own testimony and that of others regarding the physical and emotional distress caused by Defendant's conduct (Id.).

Plaintiffs respond by arguing that the allegations "describe nothing more than typical 'garden variety' damage claims," and that they seek "emotional distress damages of at least $80,000," not $133,012 (Doc. 44, pp. 9, 12-13). Plaintiffs argue that they can recover damages for emotional pain, suffering, embarrassment, and mental anguish as actual damages without putting their mental condition in controversy (Doc. 44, pp. 7-9). "Plaintiffs contend that the jurors will be fully capable of evaluating and assessing their garden variety emotional distress and anguish claims." (Id. at p. 15). "Plaintiffs have not sought treatment from any mental health professionals and will not be calling a psychologist or psychiatrist during their case in chief." (Id. at p. 14). Although Plaintiffs intend to testify about the emotional distress caused by Defendant, they amended their disclosures to delete their doctor as a witness and delete their medical billings and records from the list of documents that may be used at trial (Id. at p. 3). Plaintiffs argue that they "never alleged that Bayview's collection activities caused them to suffer any mental disorder, mental disease, or permanent/ongoing psychological impairment. Nor do the Plaintiffs allege that Bayview exacerbated any pre-existing mental or physical conditions" (Id. at p. 9). They contend that the "allegations describe natural human responses that one can easily imagine would be experienced by the average person under similar circumstances" and that seeking more than $80,000 in damages for emotional distress does not put their emotional condition in issue (Id. at pp. 7-9).

## II. Discussion

Pursuant to Rule 35 of the Federal Rules of Civil Procedure, "[t]he court where the action is pending may order a party whose mental or physical condition--including blood

group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." FED. R. CIV. P. 35(a)(1). "The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." FED. R. CIV. P. 35(a)(2). Rule 35 "requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause.'" Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964). These requirements "are not met by mere conclusory allegations of the pleadings–nor by mere relevance to the case–but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Id. Courts often find that a mental examination is warranted when one or more of the following factors are present:

> (1) a tort claim is asserted for intentional or negligent infliction of emotional distress; (2) allegations of a specific or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) the plaintiff intends to offer expert testimony in support of a claim for emotional distress damages; and/or (5) the plaintiff concedes that her mental condition is in controversy within the meaning of Rule 35.

Trenary v. Busch Entm't Corp., No. 8:05-CV-1630-T-30EAJ, 2006 WL 3333621, at *2 (M.D. Fla. Nov. 16, 2006) (quoting Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 554 (N.D. Ga. 2001)). See also Reaves v. Wayne Automatic Fire Sprinklers, Inc., No. 2:11-CV-00049-CEH, 2011 WL 4837253, at *2 (M.D. Fla. Oct. 12, 2011).

"It is true, a plaintiff does not put his or her mental condition in controversy simply by seeking damages based on emotional distress." Nathai v. Fla. Detroit Diesel-Allison, Inc., 268 F.R.D. 398, 400 (M.D. Fla. 2010). See also Torrey v. Marion Cnty. Sch. Bd., No. 5:12-CV-662-OC-10PRL, 2014 WL 457766, at *1 (M.D. Fla. Feb. 4, 2014) ("Typically, a Plaintiff's claim for emotional distress does not necessarily warrant a Rule 35 mental examination."); Ali v. Wang Labs., Inc., 162 F.R.D. 165, 167-68 (M.D. Fla. 1995) ("[P]laintiff's 'mental condition' within the meaning of Rule 35 is not necessarily placed in controversy merely because plaintiff seeks recovery for 'emotional distress'. A person with no 'mental condition' may still suffer emotional distress which is compensable."); Stevenson, 201 F.R.D. at 553 ("The majority of courts have held that plaintiffs do not place their mental condition in controversy merely by claiming damages for mental anguish or 'garden variety' emotional distress."). However, Plaintiffs have not brought a garden variety claim for emotional distress. In answers to interrogatories, Plaintiff Thomas Barnello represents that his concentration, memory, and sleep have been affected by Defendant's actions and that he is "being treated for symptoms of stress related medical problems including anxiety and insomnia due to Bayview's relentless collection activity." (Doc. 41, pp. 20-23). Thomas has been prescribed Xanax, which he "truly hate[s] having to take" but "simply cannot get by without." Id. Plaintiff Cynthia Barnello represents that she suffers from "extreme stress." (Id. at p. 20). She has "been prescribed Atenolol to treat stress related high blood pressure" and she "put off taking this medication for as long as possible but everything related to Bayview and this case causes [her] extreme stress to the point that every contact from Bayview, and even from [her] own lawyer concerning this case, causes [her] to physically shake." (Id. at p. 23). Plaintiffs describe being embarrassed and their being a "terrible stain on [their]

marriage and family life."  (Id.).   These claims are sufficient to put Plaintiffs mental condition in controversy.   See Reaves, 2011 WL 4837253 at *3; Laney v. Hosp. Bd. of Dirs. of Lee Cnty., No. 2:09-CV-678-FTM-29SPC, 2010 WL 2540598, at *3 (M.D. Fla. June 22, 2010) ("Plaintiff herself testified at her deposition over one year after she was terminated that she continues to suffer mental anguish, depression, humiliation, and anxiety as a result of her termination and is seeking damages for these alleged emotional injuries."); Gray v. State of Fla., No. 3:06-CV-990-J-20MCR, 2007 WL 2225815, at *2 (M.D. Fla. July 31, 2007) (finding that the plaintiff's mental condition was in controversy where her alleged depression was ongoing and exacerbated by the defendant's conduct); Schlunt v. Verizon Directories Sales-W., Inc., No. 3:05-CV-666-J-25MCR, 2006 WL 1643727, at *3 (M.D. Fla. June 12, 2006) ("The Court finds Plaintiff's explicit statements that she is still having trouble sleeping and that emotionally she has not recovered and does not believe she ever will, are sufficient to put her mental condition 'in controversy.'"); Ali, 162 F.R.D. at 168.

The Court also finds that Defendant has shown good cause for a mental examination.   Plaintiffs are seeking more than $80,000 in damages for emotional distress.   Although Plaintiffs do not intend to offer expert testimony on the subject, they intend to testify themselves and "offer the testimony of corroborating witnesses who know them and who can testify that Plaintiffs suffered demonstrable emotional distress caused by Bayview."  (Doc. 44, p. 9).   Defendant should have a reasonable opportunity to challenge this testimony.   "'The testimony of an expert is a well recognized and reasonable way of [challenging Plaintiff's claims and testimony], and an examination of plaintiff by that expert is necessary for the expert to form a meaningful opinion.'" Schlunt, 2006 WL 1643727 at *3 (alteration in original) (quoting Ali, 162 F.R.D. at 168).

See also Laney, 2010 WL 2540598 at *3 ("Since Plaintiff has placed her mental condition in controversy and claims damages for mental anguish, Defendant should have the opportunity to challenge Plaintiff's claim and testimony through an expert witness even if Plaintiff does not intend to offer expert testimony herself."). Plaintiffs' medical records are also relevant to this inquiry. See Lodge v. Kondaur Capital Corp., 750 F.3d 1263, 1271-72 (11th Cir. 2014).

In short, the Court finds that the in controversy and good cause requirements of Rule 35 have been met and that Plaintiffs must submit to a mental examination. Rule 35 requires the Court's order to "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." FED. R. CIV. P. 35(a)(2)(B). Defendant's motion does not address any of this information. Accordingly, Defendant's motion to compel a Rule 35 mental examination is **GRANTED**. The parties are **DIRECTED** to meet and confer within ten (10) days in an attempt to agree on the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it. Any motions related to scheduling or the scope of the mental examinations must be filed within fourteen (14) days of the rendition of this order.

**DONE** and **ORDERED** in Orlando, Florida on October 20, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

- 7 -