UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CYNTHIA I. BARNELLO and**
**THOMAS E. BARNELLO,**

      **Plaintiffs,**

v.                                                                                     **Case No:  6:14-cv-1383-Orl-41TBS**

**BAYVIEW LOAN SERVICING, LLC,**

      **Defendant.**
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Strike Plaintiffs' Jury Trial Demand ("Motion to Strike," Doc. 25). Plaintiffs filed a response in opposition. (*See* Resp., Doc. 28). For the reasons set forth herein, Defendant's motion will be denied.

**I.   BACKGROUND**

In 2006, Plaintiffs purchased a home and executed a promissory note and Mortgage. (Compl., Doc. 1, ¶ 10; *see also* Mortg., Doc. 26[1]). Approximately two years later, Plaintiffs filed for protection under Chapter 7 of the Bankruptcy Code. (Compl. ¶ 13). The debt relating to the promissory note and Mortgage was included in the bankruptcy filings. (*Id.* ¶ 14). Plaintiffs originally intended to retain the property and reaffirm the debt, but they never entered into a reaffirmation agreement. (*Id.* ¶ 15). In April 2009, Plaintiffs were granted a discharge under 11

---

[1] Although not attached to the Complaint, the Mortgage is central to Plaintiffs' claims, and neither party disputes the authenticity of the Mortgage. Therefore, the Court may consider the Mortgage in resolving Defendant's Motion to Strike. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("[T]he court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed.").

U.S.C. § 727. (*Id.*; Discharge of Joint Debtors, Ex. D to Compl., Doc. 1-1). Over the next two and a half years, Plaintiffs remained in their home and continued to make mortgage payments. (Compl. ¶ 18). Plaintiffs stopped making payments as of June 1, 2011, and shortly thereafter "secured the Property and moved to New York State after informing [the owner of the note and Mortgage] that they were surrendering the Property." (*Id.* ¶¶ 18–19). Although foreclosure proceedings were subsequently commenced, (*id.* ¶ 21), those proceedings were voluntarily dismissed by the foreclosure plaintiff, (*id.* ¶ 24). Plaintiffs did not appear in the foreclosure proceedings and did not oppose the foreclosure. (*Id.* ¶ 22).

After the foreclosure proceedings were voluntarily dismissed, Plaintiffs began receiving monthly mortgage statements and collection phone calls from Defendant, who Plaintiffs allege is the servicer of the note and Mortgage. (*Id.* ¶¶ 5, 26–27, 30). Both Plaintiffs and Plaintiffs' Counsel informed Defendant that Plaintiffs' personal liability for the note and Mortgage had been discharged in bankruptcy. (*Id.* ¶¶ 30, 32, 34, 36). Nevertheless, Defendant's collection efforts continued. (*See id.* ¶¶ 32–40). As a result, Plaintiffs initiated this case, alleging that Defendant violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*, and demanding a trial by jury.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may, on motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike are generally disfavored by the courts and "should be granted only if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012) (quoting *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)).

The Seventh Amendment to the United States Constitution "provides that in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (quotation omitted). "This right extends beyond common law causes of action that existed at the time of the amendment's adoption," to any cause of action that "closely resembles an action at law that was decided historically by a jury." *Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 833 (11th Cir. 1982). Nevertheless, "[t]he Seventh Amendment right to a civil jury is not absolute and may be waived," *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995) (per curiam), "so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006).

In determining whether a waiver was made knowingly and voluntarily, courts consider the following factors: "(1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel." *Allyn v. W. United Life Assurance Co.*, 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004). Additionally, "because the right to a jury trial is fundamental, courts must indulge every reasonable presumption against waiver." *Burns*, 53 F.3d at 1237 (quotation omitted). Therefore, "[n]o single factor is conclusive, and . . . the [c]ourt is not bound by the number of factors that have been satisfied." *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1294 (M.D. Fla. 2012) (quotation omitted). "Rather, the [c]ourt asks whether, 'in light of all the circumstances, the [c]ourt finds the waiver to be unconscionable, contrary to public policy, or simply unfair.'" *Id.* (quoting *Allyn*, 347 F. Supp. 2d at 1252).

### III.  ANALYSIS

Plaintiffs' Mortgage contains the following provision:

> **25. Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

(Mortg. at 13) (emphasis in original). Plaintiffs dispute neither the validity of the waiver itself nor whether this case arises out of the note and Mortgage.[2] (*See* Resp. at 2). Rather, Plaintiffs argue that Defendant was not a signatory to the Mortgage and cannot invoke the waiver. In the alternative, Plaintiffs argue that even if Defendant can invoke the waiver provision, holding Plaintiffs to the waiver under the circumstances of this case would be fundamentally unfair and against public policy.

Defendant has not shown that it may invoke the jury trial waiver contained in the Mortgage. The parties agree that Defendant was not a signatory to the Mortgage. It is a general principle of contract enforcement "that only a party to a contract or an intended third-party beneficiary may sue to enforce the terms of a contract." *Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*,

---

[2] Although Plaintiffs do not argue that their claims do not arise out of the Mortgage, the Court is not so sure. While it is true that, but for the Mortgage, Defendant would not have attempted to collect the debt, the test for relatedness is not a strict but-for test. *See Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1340–41 (11th Cir. 2012) ("A claim 'relates to' a contract when the dispute occurs as a fairly direct result of the performance of contractual duties. Moreover, the fact that a dispute could not have arisen but for an agreement does not mean that the dispute necessarily 'relates to' that agreement." (citation omitted) (quotation omitted)). Plaintiffs' claims in this case more likely arise out of Defendant's attempts to enforce a debt that was discharged in bankruptcy, as opposed to arising directly from the Mortgage. Thus, it is not clear that Plaintiffs' claims arise out of or are sufficiently related to the Mortgage to fall within the jury waiver provision. *Leahy-Fernandez v. Bayview Loan Servicing, LLC*, No. 8:15-cv-2380-T-33TGW, 2016 WL 410010, at *2–3 (M.D. Fla. Feb. 3, 2016) (holding that communications to collect a debt after it was discharged in bankruptcy are not sufficiently related to the underlying mortgage to fall within a jury trial waiver provision); Dec. 16, 2014 Order at 2–3,*Votzke v. Wells Fargo Bank, N.A.*, No. 8:14-cv-2200-T-27AEP (M.D. Fla. Dec. 16, 2014), Doc. 11 (holding that claims arising out of attempts to collect a mortgage debt discharged in bankruptcy are outside the scope of a jury trial waiver contained in the mortgage because the "dispute with [the defendant] concerning the FCCPA and TCPA [wa]s not a direct result of the performance of a contractual duty").

704 F.3d 927, 932 (11th Cir. 2013); *see also Maccaferri Gabions, Inc. v. Dynateria Inc.*, 91 F.3d 1431, 1441 (11th Cir. 1996) ("Under Florida law, a third party may enforce an agreement between others only if it is an intended beneficiary, not an incidental beneficiary, of that agreement."). Thus, Defendant can enforce the terms of the Mortgage only to the extent it can prove that it is an intended beneficiary of the agreement.

"A party is an intended beneficiary only if the parties to the contract clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1283 (11th Cir. 2004) (citing *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So. 2d 1028, 1031 (Fla. 4th DCA 1994)). Defendant has not pointed to any provision in the Mortgage that clearly manifests an intention of the parties to benefit Defendant or any servicer of the Mortgage. Although Defendant might have benefitted from the Mortgage to the extent it was paid to perform servicing activities on behalf of the holder of the note and Mortgage, that relationship is governed by a separate agreement and does not clearly establish an intention to directly and primarily benefit Defendant.

Defendant relies on a handful of nonbinding cases for the proposition that "as the current servicer of the Mortgage, [Defendant] is entitled to enforce the jury trial waiver." (Mot. Strike at 7). However, although these cases do extend the protections of jury trial waivers to loan servicers, none of the cases cited by Defendant expressly address the issue of whether a servicer that is not a signatory to the agreement can enforce a jury waiver provision. *Levinson v. Green Tree Servicing, LLC*, No. 8:14-cv-2120-EAK-TGW, 2015 WL 1912276, at *2 (M.D. Fla. Apr. 27, 2015) (allowing the loan servicer to invoke a jury trial waiver, but only considering whether the waiver was made knowingly and voluntarily and if the plaintiffs' claims were sufficiently related to the mortgage agreement); *Deutsche Bank Nat'l Tr. Co. v. Foxx*, 971 F. Supp. 2d 1106, 1120 (M.D. Fla. 2013)

(same); *Martorella v. Deutsche Bank Nat'l Tr. Co.*, No. 12-80372-CIV, 2013 WL 1136444, at *2–4 (S.D. Fla. Mar. 18, 2013) (same); *see also Ferraro v. Wells Fargo N.A.*, No. 2:13-cv-632-FtM-38DNF, 2013 WL 5357109, at *1 (M.D. Fla. Sept. 24, 2013) (holding that a jury trial waiver that was knowingly and voluntarily made and related to the claims asserted could be enforced, but noting that it was not clear if the defendant was the loan servicer or the holder of the note and mortgage). Conversely, many courts that have expressly considered this issue have determined that a servicer, as non-party to the mortgage and not a clearly intended beneficiary of the provision, cannot enforce a jury trial waiver contained in a mortgage. *Thompson v. Caliber Home Loans, Inc.*, No. 15-21616-CIV-GAYLES, 2016 WL 278731, at *2 (S.D. Fla. Jan. 22, 2016) (holding that the loan servicer was a not a party to the mortgage contract and did not, therefore, have the right to invoke the jury trial waiver); *Omega v. Deutsche Bank Tr. Co. Ams.*, 920 F. Supp. 2d 1298, 1300 (S.D. Fla. 2013) (same); *Williams v. Wells Fargo Bank N.A.*, No. 11-21233-CIV, 2011 WL 4901346, at *13 (S.D. Fla. Oct. 14, 2011) (same). This Court agrees with the latter, more specific, line of authority. Here, Defendant is not a party to the Mortgage, has not otherwise shown that it should stand in the shoes of the holder of the note and Mortgage, and has not, as noted above, established that it is an intended beneficiary of the Mortgage agreement. Thus, as a non-party to or beneficiary of the contract, Defendant has not established that it has a right to enforce the jury trial waiver, and the Motion to Strike will be denied.

### IV.  CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion to Strike Plaintiffs' Jury Demand (Doc. 25) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 15, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record